IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02124-MSK-MEH

EVAN SPENCER,

        Plaintiff,

v.

THE COLORADO SUPREME COURT, et al.,

        Defendants.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Defendants, The Colorado Supreme Court, Chief Justice Mary J. Mullarkey, and Justices Michael L. Bender, Gregory J. Hobbs Jr., Nancy E. Rice, Alex J. Martinez, Nathan B. Coats, and Allison Eid, and The Colorado State Board of Law Examiners, its Executive Director, Alan K. Ogden, and Susan Q. Gleeson, Susan B. Hargleroad, Shari Frausto, Les Woodward, James Coyle III, and Melanie Backes,[1] move pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss claims in the Complaint for lack of subject matter jurisdiction and/or for failure to state claims upon which relief can be granted. In support of this Motion, Defendants state as follows:

### INTRODUCTION: PLAINTIFF'S CLAIMS

Plaintiff, Evan Spencer, is an attorney who is licensed to practice law in the State of New York and practiced law in New York City beginning in 1997. [Cmplt, ¶6.] In May

---

[1] The Complaint also names Carlos Samour and Linda Donnelly as defendants. Mr. Spencer has not served these two Defendants, and, by e-mail to Defendants' counsel Andrew

2002, Mr. Spencer, then known as Evan Spencer Feinberg, decided to apply for a license to practice law in Colorado, and he completed and filed an Application For Admission To The State Bar Of Colorado ("Application"). [Cmplt ¶17.] A partial copy of Mr. Spencer's Application is attached as Exhibit A to his Complaint, but he did not attach the signature page which includes his sworn oath that reads in part as follows:

> Being first duly sworn upon oath, I depose and state that I am the applicant named in the foregoing application; that I respectfully apply to the Colorado Supreme Court through its Board of Law Examiners for admission to the Bar of the State of Colorado; **that the statements and representations made in the foregoing application are true and correct**; that these statements and representations are made for the purpose of inducing the Colorado Supreme Court to grant me a license to practice as an attorney and counselor at law; that **it is understood by me that if any statements or representations are false or untrue, that the license may be denied or, if granted, may be revoked** …

(Emphasis added.) The signature page to Mr. Spencer's Application is attached to this Motion as Exhibit 1.[2]

Mr. Spencer sat for the Colorado Bar Exam in July 2002, but failed. He reapplied to take the Bar Exam again when it was next offered in February 2003, but failed a second time.

---

Katarikawe dated January 1, 2007, he declared his intention not to pursue claims against them.

[2] Mr. Spencer has attached numerous documents to his Complaint. This Court may consider such documents, and documents central to Mr. Spencer's claims referred to in the Complaint may be attached to a motion to dismiss and considered by the court on such motion, without converting the motion to one for summary judgment under Rule 56. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002); *Dean Witter Reynolds v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

He reapplied to take the bar exam a third time at the February 2004 examination. Each reapplication was made pursuant to an Affidavit Updating a Previous Application To Take The Colorado Bar Exam, the first dated December 2, 2002, and the second dated December 1, 2003. The Affidavits are attached to this Motion as Exhibit 2. By such Affidavits Mr. Spencer reaffirmed under oath that there were no "additional matters or information to be disclosed with respect to possible misconduct or lack of moral or ethical qualifications … which were not disclosed in my previous application." [See Exhibit 2, ¶s 4.] The Affidavits also reaffirmed under oath that "I understand that if any of the statements or representations made on my previous application or in this affidavit are false or untrue, then a license to practice law may be denied, or if granted, may be revoked." [Id. ¶s5.] Mr. Spencer passed the February 2004 bar exam, and his successful results were announced on April 30, 2004. [Cmplt Exhibit I.]

During the Application process, Mr. Spencer never reported a disability to the Board or sought any accommodation for a disability. [See Complaint Exhibit A.] He alleges, in fact, that he attempted to conceal his disability by falsely responding to questions 39 and 40 on the Application. [Cmplt, ¶23; see ¶¶18-21.] Defendant Board of Law Examiners later learned that Mr. Spencer had responded falsely to questions 39 and 40 and at least one other question on the Application.[3] An Inquiry Panel of the Board was convened on October 20,

---

[3] In addition to questions 39 and 40, Mr. Spencer responded "NO" to question 32 [Cmplt Exhibit A, ¶32] which asks, "Have you ever filed a petition in bankruptcy or for establishment of a wage earners plan?" Yet, less than 8 months previously, Mr. Spencer had received a discharge of more than $71,000 in unsecured debts in Chapter 7 Bankruptcy Case

3

2004, and interviewed Mr. Spencer. [See Complaint, ¶45, Exhibit F.] By letter dated October 25, 2004, the Board requested documents responsive to Questions 39 and 40 and informed Mr. Spencer that his application would be held in abeyance until the documents were received. Nearly a year later, Mr. Spencer wrote to the Board refusing to provide the documents. [Cmplt. Exhibit F.] He then wrote on November 9, 2005, informing the Board for the first time that he was claiming a disability. [Cmplt. Exhibit J.] By then however, his bar exam results had expired pursuant to Colo.R.Civ.P. 201.14 [Cmplt. Exhibit D], and he was informed by letter of December 8, 2005, that his application had been closed. [*Id.*]

Mr. Spencer brings five claims for relief against the Defendants. The first claim is asserted under Title II of the Americans With Disabilities Act, 42 U.S.C. §12132, *et seq.* The second, third, and fourth claims are asserted under 42 U.S.C. §1983 for violations of equal protection, due process, and privacy rights under the Fourteenth Amendment. The fifth claim is brought under the Privileges and Immunities Clause, U.S.Const. Art. IV, §2.

## ARGUMENT

**I.     Under the Eleventh Amendment to the United States Constitution, This Court Lacks Subject Matter Jurisdiction of Mr. Spencer's Claims Against the Colorado Supreme Court, the Board of Law Examiners, and Individual Defendants In Their Official Capacities.**

**A. Standard for Deciding Motions Under the Eleventh Amendment:** A motion to dismiss for lack of subject matter jurisdiction based on Eleventh Amendment immunity is

---

No. 01-16230-JF, filed in United States Bankruptcy Court for the Eastern District of New York on May 9, 2001. See also, Complaint Exhibit A, ¶30, in which Mr. Spencer falsely

decided under Fed.R.Civ.P. 12(b)(1). *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Because the jurisdiction of federal courts is limited, there is a presumption against jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). On a facial challenge to the allegations of subject matter jurisdiction, the court presumes the well-pled facts alleged in the complaint to be true, *Ruiz* at 1180, but "the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Where there is a challenge to facts upon which subject matter jurisdiction is based, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 891 (3rd Cir. 1977).

**B. The Eleventh Amendment bars Mr. Spencer's claims against State agencies and officers in their official capacities.** Mr. Spencer seeks money damages [Cmplt ¶¶268-278] against the Colorado Supreme Court, the Board of Law Examiners, Justices of the Supreme Court in their individual and official capacities, and members of the Board in their individual and official capacities. But, federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. Immigration and Naturalization Service*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court

---

responded "NO" to whether he had ever had a debt reported 90 days overdue, referred to collection, or "charged off" as uncollectible.

lacking jurisdiction … must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

The Eleventh Amendment to the United States Constitution provides that the judicial power of federal courts does not extend to actions by private parties against States. E.g., *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (collecting cases). A claim against a state agency is tantamount to a claim against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In addition, "an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" *Hafer v. Melo*, 502 U.S. 21, 26 (1991), quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Colorado Supreme Court is the highest court of the State of Colorado, created by Article VI of the Colorado Constitution. Colo.Const. art. VI, §1. The Colorado Board of Law Examiners is established under the authority of the Supreme Court pursuant to Colo.R.Civ.P. 201.2. As such, the Supreme Court and the Board are departments or agencies of the State of Colorado entitled to the privileges and protections of the Eleventh Amendment to the United States Constitution.

The Americans With Disabilities Act, 42 U.S.C. §12132, *et seq.*, contains an abrogation of Eleventh Amendment immunity. 42 U.S.C. §12202. However, the U.S. Supreme Court recently has held this abrogation to be effective only for violations of Title II of the ADA by conduct that also "*actually* violates the Fourteenth Amendment." *United*

*States v. Georgia*, __U.S.__, 126 S.Ct. 877, 882 (2006) (italics in original); see *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) (Title II abrogates sovereign immunity insofar as the fundamental right of access to the courts is implicated). Following the U.S. Supreme Court's decisions in *Tennessee v. Lane* and *United States v. Georgia*, the Tenth Circuit held that, when faced with ADA Title II claims against a State, the district court must consider whether the plaintiff states a claim that the State violated Title II and, "if so, it must then determine whether Title II abrogated sovereign immunity as applied to the class of conduct at issue in the case." *Guttman v. Khalsa*, 446 F.3d 1027, 1029-30 (10th Cir. 2006).

The conduct of the Defendants as alleged in this case does not rise to the level of a violation of the Fourteenth Amendment such that Title II abrogates sovereign immunity in this case. First, there has been no violation of the ADA by the Board's demand for information responsive to Questions 39 and 40 on the Application because the information sought by such questions is necessary for the Board to perform its licensing function. The Colorado Supreme Court exercises its plenary authority to license, regulate, govern, and supervise the practice of law in Colorado for the protection of the public. People v. Erbaugh, 42 Colo. 480, 490, 94 P. 349, 352 (Colo. 1908); see *Crowe v. Tull*, 126 P.3d 196, 206 (Colo. 2006); *Colorado Supreme Court Grievance Committee v. District Court*, 850 P.2d 150, 152 (1993); Conway-Bogue v. Denver Bar Ass'n, 135 Colo. 398, 407, 312 P.2d 998, 1002-03 (1957). Although the ADA itself does not contain an exception for necessity, regulations promulgated by the Department of Justice under Title II do. 28 CFR §35.130(b)(8) (public entities may not use criteria that screen out or tend to screen out an individual with a

disability unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered); see *McCready v. Illinois Board of Admissions to the Bar*, 1995 WL 29609 at *7 (N.D.Ill. 1995) (copy attached as Exhibit 3) (although the purpose of the ADA is to protect disabled individuals from discrimination, the Board would be derelict in its duty if it did not investigate the mental health of prospective lawyers to the extent allowed by law).

In his Complaint, Mr. Spencer relies on the case of *Clark v. Virginia Board of Bar Examiners*, 880 F.Supp. 430 (E.D.Va. 1995). There, the court held that a question on Virginia's bar application that asked, "[h]ave you within the past five (5) years been treated or counseled for any mental, emotional or nervous disorders?" was framed too broadly and would be enjoined. *Id*. at 431. Mr. Spencer compares the question in *Clark* with Question 40 on the Colorado application. [Cmplt. ¶84.] However, Question 40 on Colorado's application is much more narrowly focused and seeks only information on an emotional or mental disability or disorder of such severity that it required in-patient treatment in a hospital within the previous five years. [Cmplt. Exhibit A, question 40.] Less than three years after *Clark* the same court addressed Virginia's application questionnaire after it had been amended to ask questions more narrowly focused on "the Board's objective of protecting the public." *O'Brien v. Virginia Board of Bar Examiners*, 1998 WL 391019 at *3 (E.D.Va. 1998) (copy attached as Exhibit 4). The court found that the more narrowly focused questions were unlikely to be found to violate the ADA and therefore refused to enjoin the revised application questions. *Id.*

Even if Questions 39 and 40 on the Application violate the ADA, they do not also "*actually* violate the Fourteenth Amendment." *United States v. Georgia* at 882.  Mr. Spencer alleges that the questions violate his privacy interests protected by the Fourteenth Amendment.  [Cmplt, ¶122.]  He also alleges violations of equal protection [Cmplt, ¶¶ 178-190] and due process [Cmplt, ¶¶191-238] rights, but these claim no more than a privacy interest in the records sought by Questions 39 and 40.[4]  However, when Mr. Spencer applied for a license to practice law in Colorado he placed his mental stability in issue and took on himself the burden of demonstrating his mental stability.  Colo.R.Civ.P. 201.6(1) & (2); *Smith v. Mullarkey*, 121 P.3d 890, 891-92 (Colo. 2005); see also *People v. Fagan*, 745 P.2d 249, 254 (Colo. 1987) (applicant may be compelled to submit to psychological examination as a condition of admission).  Thus, by his application to practice law in Colorado, he has effectively waived any right to keep private matters that may affect his qualifications to practice law, including matters related to his mental health.

Because Mr. Spencer cannot allege a violation of the ADA that is also an actual violation of the Fourteenth Amendment, his ADA claim must be dismissed under the Eleventh Amendment for lack of subject matter jurisdiction.  Moreover, his two other claims for relief, for alleged due process and equal protection violations insofar as they are asserted against the Colorado Supreme Court, the Board of Law Examiners, and State officers in their

---

[4] Mr. Spencer's Fifth Claim for Relief under the Privileges and Immunities Clause is based on his State of origin (New York) and is unrelated to his ADA claim.  Moreover, it is based on Section 2 of Article IV of the United States Constitution and is not enforced against States pursuant to Section 1 of the Fourteenth Amendment.

official capacities, must also be dismissed for lack of subject matter jurisdiction because 42 U.S.C. §1983, under which the claims are brought, contains no abrogation of the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

### II.     The Complaint Should Be Dismissed For Failure to State a Claim.
### A.     The ADA Claim.

1.     <u>Elements</u>:  To state a claim upon which relief can be granted under Title II of the ADA, Mr. Spencer must allege (1) that he is a "qualified individual with a disability;" (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.  42 U.S.C. §12132; *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999); *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir.), <u>cert. denied</u>, 522 U.S. 971 (1997).

2.     <u>Elements not supported by the Complaint</u>:

**element (1):**  Mr. Spencer conclusorily alleges that he is otherwise qualified for a license to practice law in Colorado.  However, he also alleges that he falsely responded to Questions 39 and 40 on his Application.  [E.g. Cmplt. ¶¶23-25, 57, 140, 230, Exhibit A.] Giving false information in response to questions on Mr. Spencer's Application constitutes making a false statement to the Colorado Supreme Court and constitutes grounds to deny a license or revoke a license that has been granted.  See Mr. Spencer's signed oath at Exhibit 1;

see also Colorado Rules of Professional Responsibility 3.3(a)(1).  Mr. Spencer appears to claim a privilege to respond falsely to questions 39 and 40 [Cmplt. ¶230], but a privilege against disclosure is not a license to falsely respond.  See, e.g. *United States v. Wong*, 431 U.S. 174, 178 (1977) (holding that the Fifth Amendment privilege does not condone false testimony and rejecting defendant's argument that, with no effective warning, she was forced to choose between incriminating herself and lying under oath).

**element (2):**  As to individual Defendants in their personal capacities, Mr. Spencer can not allege that the second element of a Title II claim is satisfied.  Title II of the ADA permits claims only against public entities and not against individuals acting in their individual capacities.  *Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D.Colo. 1999); *Neiberger v. Hawkins*, 70 F.Supp.2d 1177, 1192 (D.Colo. 1999); see *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (under Title I).

**element (3):**  The Complaint does not support the third element of a Title II claim because it does not allege that he was excluded from Colorado's attorney licensing program by reason of a disability.  Rather, the Board requested documents related to a hospitalization after the Board learned that Mr. Spencer had responded falsely to Questions 39 and 40 and held his application in abeyance until receipt of the documents.  [Cmplt. Exhibit B.]  Mr. Spencer did not respond to the request for documents until eleven months later at which time he refused to provide documents based on the ADA.  [Cmplt. Exhibit F.]  It was not until November 9, 2005, that Mr. Spencer claimed to be disabled.  [Cmplt. Exhibit

J.] However, by that time Mr. Spencer's bar exam results had expired pursuant to Colo.R.Civ.P. 201.14 on October 30, 2005. [Cmplt. Exhibit D.] The board did not take action on Mr. Spencer's application, not by reason of his disability, but because Mr. Spencer failed or refused to engage in the bar admissions process. *Id.* Because Mr. Spencer never gave the Board enough information for it to determine that he was disabled, the Board cannot be held liable for damages under Title II of the ADA. *Bartlett v. New York State Board of Law Examiners*, 226 F.3d 69, 86 (2nd Cir. 1998).

      **B.**      **Claims Under Section 1983.**

      1.      <u>Elements</u>: To state a claim upon which relief can be granted under 42 U.S.C. §1983, Mr. Spencer must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. 42 U.S.C. §1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

      2.      <u>Elements not supported by the Complaint</u>:

      **element (2):** The Complaint does not state a claim under §1983 against the Colorado Supreme Court, the Board of Law Examiners, or individual defendants in their official capacities because as state agencies and offices, they are not "persons" within the meaning of Section 1983. The Supreme Court has interpreted the words "every person" in Section 1983 to exclude the States and State agencies. *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). State officers sued in their official capacities also are not "persons" for purposes of §1983 actions because

the state officials "assume the identity of the government that employs them." *Hafer* at 27; *Will* at 71. Since "neither states nor state officers are 'persons' subject to suit under section 1983," *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994), citing *Will* at 70-71, Plaintiff may not seek damages against Defendants including individual defendants in their official capacities, and Plaintiff's §1983 claims must be dismissed. *Id.*[5]

     **element (2):** As against individual Defendants in their individual capacities, to satisfy the second element of a Section 1983 claim, Mr. Spencer must allege each Defendant's personal participation in the deprivation of federal rights. However, in 278 paragraph allegations of the Complaint, Mr. Spencer does not allege facts supporting the personal participation of even a single individual Defendant. "Personal participation is an essential allegation in a § 1983 claim." *Maynard v. Mitchell*, 80 F. 3d 1433, 1441 (10th Cir. 1988). In addition, government officials are not liable under § 1983 merely because they hold positions of authority within their agencies. There is no concept of vicarious liability under Section 1983. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).

  **C.**  **The Fifth Claim for Violation of the Privileges and Immunities Clause.**

  1.  <u>Elements</u>: To state a claim under the Privileges and Immunities Clause, Mr. Spencer must allege that the State of Colorado has engaged in significant discrimination

---

[5] The Complaint seeks no injunctive relief. Therefore the exception of *Ex Parte Young*, permitting §1983 actions limited to prospective injunctive relief against state officials, does not apply here. *Ex Parte Young*, 209 U.S. 123 (1908).

against him by reason of his residence in another State. U.S. Const. Art. IV, §2; *Nutritional Support Services, L.P. v. Miller*, 806 F.Supp. 977, 981 (N.D.Ga. 1992).

        2.    <u>Element not supported by the Complaint</u>: Mr. Spencer fails to allege any facts in support of his fifth claim for relief that tend to show discrimination on the basis of his New York residency but alleges that Colorado has no residency requirement. [Cmplt. ¶243.] Moreover, Mr. Spencer alleges that actions of the Board requesting documents and holding his application in abeyance occurred in October 2004 [Cmplt. Exhibit B, Exhibit F], and he alleges that by September 2004 he was a permanent resident of the State of Colorado. [Cmplt. ¶17.]

### III.    Individual Defendants Are Entitled to Absolute or Qualified Immunity.

As argued above at page 11, Mr. Spencer has failed to allege the personal participation of any of the individual defendants. Nevertheless, insofar as the Complaint may be deemed to satisfy the requirement to allege personal participation, the individual Defendants are entitled to absolute judicial and quasi-judicial and/or qualified immunity.

#### A.    Judicial and Quasi-Judicial Immunity.

The State Supreme Court exercises jurisdiction over all matters involving the licensing of persons to practice law in the State of Colorado and treats that process as a judicial and quasi-judicial process. Colo.R.Civ.P. 201.1-201.10. Even if it did not treat the application process as a judicial as opposed to administrative process, the United States Supreme Court in *In re Summers*, 325 U.S. 561, 568-69 (1945) held, irrespective of Illinois'

position on the administrative nature of attorney admission proceedings, that the process is judicial.

The doctrine of judicial immunity bars a suit for damages against a judge acting within his jurisdiction or within a colorable claim of jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356-357 (1978); *Pierson v. Ray,* 386 U.S. at 554 (1967). A judge does not lose the cloak of judicial immunity even when he acts maliciously or in error so long as the action was not taken in the complete absence of all judicial jurisdiction. *Mireless v. Waco,* 502 U.S. 9, 11-12 (1991).

Judicial immunity serves to protect not only judicial actions, but also those actions that are "intimately associated" with the judicial process. *Rex v. Teeples,* 753 F. 2d 840, 843 (10th Cir. 1985). Thus, for example, the Tenth Circuit has held that absolute judicial immunity immunized members of the Colorado Board of Medical Examiners who acted to suspend a podiatrist's medical license because in making investigations, holding hearings, and taking evidence, the duties of Board members were "functionally comparable" to a court of law. *Horowitz v. State Board of Medical Examiners of the State of Colorado,* 822 F. 2d 1508, 1515 (10th Cir. 1987); see also *Mayes v. Honn,* 542 F. 2d 822, 824 (10th Cir. 1976) (the members of the Kansas State Board of Law Examiners enjoy absolute quasi-judicial immunity.)

Spencer claims in part that members of the Board of Law Examiners improperly questioned him during the course of a hearing where Spencer was called to testify regarding

his fitness to practice law. (Cmplt. ¶¶ 45, 216-221). To the extent that Spencer relies on this alleged improper questioning as the basis for his claims, the Board members are protected by absolute judicial immunity as they were engaged in quasi-judicial activities at the time of the hearing.

### B. Qualified Immunity.

A governmental official is entitled to immunity from liability for alleged constitutional violations if the official's conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald,* 487 U.S. 800, 818 (1982); *Jantz v. Muci,* 976 F. 2d 623, 627 (10th Cir. 1992). A public official acting in his official capacity is presumed to be immune from liability, and is entitled to qualified immunity "under all but the most exceptional circumstances." *Tomkovich v. Kansas Board of Regents.* 159 F. 3d 504, 516 (10th Cir. 1998). Ordinarily, in order for a plaintiff to demonstrate that a law was clearly established, there must controlling case law on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. See *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

With respect to whether the law was "clearly established", there is no case law from the Tenth Circuit or the U.S. Supreme Court standing for the proposition that the entities and individuals responsible for determining the fitness of an attorney to practice law in Colorado have no right to inquire into the mental stability of an applicant. Thus, even if Spencer did establish that Defendants violated his statutory or constitutional right, all the Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants request that all claims be dismissed.

JOHN W. SUTHERS
Attorney General

*s/* Friedrick C. Haines
FRIEDRICK C. HAINES*
First Assistant Attorney General
ANDREW KATARIKAWE*
Assistant Attorney General
Civil Litigation & Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: 303-866-5151
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing upon all parties herein by e-filing through the Court's ECF system, by electronic mail, and/or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 29th day of January 2007 addressed as follows:

Evan Spencer
721 East 34th Place
Loveland, Colorado 80538
Email: EvanEsquire@aol.com

*s/* Friedrick C. Haines

AG ALPHA:   JD LE HCINY
AG File:    \\S_DOL_2\DATA\LT\LTHAINFC\SPENCER\pleadngs\motion to dismiss.doc