

Not Reported in F.Supp. Page 1

Not Reported in F.Supp., 1998 WL 391019 (E.D.Va.), 12 NDLR P 189

**(Cite as: 1998 WL 391019 (E.D.Va.))**

United States District Court, E.D. Virginia.
Denis Richard O'BRIEN, Plaintiff,
v.
VIRGINIA BOARD OF BAR EXAMINERS, et al.,
Defendants.
**No. 98-0009-A.**

Jan. 23, 1998.

Denis Richard O'Brien, Charlottesville, VA, plaintiff pro se.

Peter Robert Messitt, Office Of The Attorney General, Richmond, VA, for Virginia Board of Bar Examiners, defendant.

Peter Robert Messitt, (See above), for Robert E. Glenn, President, Virginia Board of Bar Examiners, defendant.

Peter Robert Messitt, (See above), for W. Scott Street, III, Secretary and Treasurer, Virginia Board of Bar Examiners, defendant.

MEMORANDUM OPINION

CACHERIS, J.

**\*1** This matter is before the Court on Plaintiff Denis O'Brien's Motion for a Preliminary Injunction.

I.

Plaintiff, Denis O'Brien ("O'Brien") applied to sit for the Virginia State Bar Examination for the July 1997 exam. In order to be permitted to sit for the bar exam, Defendant, Virginia Board of Bar Examiners requires applicants to fill out a character and fitness questionnaire. Defendant denied O'Brien the opportunity to take the bar examination in July because O'Brien refused to answer a question relating to his mental health, and also because O'Brien refused to sign a waiver allowing Defendant access to certain information, including his educational, work and medical records. [FN1] O'Brien has been denied the opportunity to sit for the February 1998 bar examination as well, because he continues to object to answering the questions regarding his mental health and providing access to certain personal records.

> FN1. At oral argument, O'Brien stated that he now will allow the Board access to his employment records. O'Brien stated that he takes issue only with the Board's asking him to agree to a release of his medical records.

O'Brien now asks this Court for a preliminary injunction, enjoining Defendants from prohibiting O'Brien's sitting for the February bar. O'Brien argues that, as more time passes, the more difficult it is to refresh his memory with the large amount of factual information required to pass the examination, and the longer his career is put on hold. O'Brien also argues that he is likely to succeed on the merits of his case, claiming that his case is very similar to the case of *Clark v. Virginia Board of Bar Examiners,* 880 F.Supp. 430 (E.D.Va.1995).

Defendant argues that O'Brien's case is distinguishable. Indeed, Defendant argues that Virginia has changed its question regarding applicants' mental health in order to comply with the Court's ruling in *Clark.* In addition, Defendant points out that O'Brien has waited until the last minute to file his Complaint and therefore must bear some responsibility for his own situation.

II.

In *Direx Israel, LTD. v. Breakthrough Medical Corp.,* 952 F.2d 802, 811 (4th Cir.1991), the Fourth Circuit noted that the granting of "interim relief [is] an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Thus, the standard to be applied to requests for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                              Page 2

Not Reported in F.Supp., 1998 WL 391019 (E.D.Va.), 12 NDLR P 189

**(Cite as: 1998 WL 391019 (E.D.Va.))**

a preliminary injunction is
> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest.

*Id.* at 812. As opposed to various circuits which first emphasize the Plaintiff's "likelihood of success," the Fourth Circuit prefers to first emphasize the elements of
> hardship balancing ... by balancing the harm or injury imposed on the plaintiff in the event relief is denied against the harm to the defendant if the relief is granted, and on the basis of such balancing proceeds to determine the degree by which a 'likelihood of success' on the merits must be established before relief may issue.

**\*2** *Id.* at 811. Thus, the balancing of harms determines "the degree by which the plaintiff must establish the likelihood of success on his part." *Id.* at 813. Thus, the request for a preliminary injunction is evaluated on a sliding scale approach, so that in an extreme case "if that balance is struck in favor of the Plaintiff, it is enough that grave or serious questions are presented; and Plaintiff need not show a likelihood of success." *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189, 196 (4th Cir.1977).

The Fourth Circuit has offered further guidance regarding mandatory injunctions: "The authority of the district court judge to issue a preliminary injunction, especially a mandatory one should be sparingly exercised. Mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards,* 635 F.2d 283, 286 (4th Cir.1980).

### III.

Plaintiff offers three reasons why he will suffer irreparable harm if his Motion for Preliminary Injunction is denied: (1) that the longer he is denied the opportunity to sit for the bar examination, the more difficult it is to refresh his memory with the large amount of factual information required to pass the examination; (2) that the bar is only offered every six months, and his career is set back six months every time Defendants deny him permission to take the examination; and (3) the uncertainty as to when or whether he will be allowed to sit for the bar has made completion of a preparatory bar review course very difficult.

The Court finds that these reasons do not amount to any irreparable harm to Plaintiff. Certainly the Court sympathizes with the difficulty in preparing for the bar examination when the date is not certain and when the exam takes place far from the date of graduation from law school (or, in plaintiff's case, reading the law). However, attorneys are routinely faced with this difficulty, when, for example, moving to a different state after many years of practice in another state and being required to again pass a bar examination. Addressing Plaintiff's argument that each time he is denied the opportunity to sit for the bar, his career is put on hold an additional six months, the Court notes that a preliminary injunction would not affect this concern. Even if this Court were to grant a preliminary injunction thus allowing Plaintiff to sit for the February bar examination, and Plaintiff passed the exam, the Board of Bar Examiners could still deny Plaintiff a license to practice law as a result of his not completing the character and fitness application. Even if the Court assumes that Plaintiff will be successful at trial, trial is many months away. Finally, if Plaintiff ultimately does prevail, he will not be harmed as a result of being denied the opportunity to take the bar at this point. At worst, Plaintiff will have to wait six additional months to sit for the exam. In sum, the Court finds that there is no likelihood of irreparable harm to the Plaintiff if the preliminary injunction is denied.

**\*3** Additionally, the Court finds that O'Brien is not likely to succeed on the merits of his case. At the time when Julie Ann Clark filed her case with this Court, the Virginia Board of Bar Examiners required applicants to answer the following broadly worded question: "Have you within the past five (5) years, been treated or counseled for any mental, emotional or nervous disorders?" *Clark,* 880 F.Supp. at 431. This Court ordered that the Virginia

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3

Not Reported in F.Supp., 1998 WL 391019 (E.D.Va.), 12 NDLR P 189

**(Cite as: 1998 WL 391019 (E.D.Va.))**

Board of Bar Examiners be enjoined from asking that question of applicants, reasoning:

> On the basis of the record produced at trial, the Court easily reaches the conclusion that question 20(b) is too broad and should be rewritten to achieve the Board's objective of protecting the public. Question 20(b)'s broadly worded mental health question discriminates against disabled applicants by imposing additional eligibility criteria. While certain severe mental or emotional disorders may pose a direct threat to public safety, the Board has made no individualized finding that obtaining evidence of mental health counseling or treatment is effective in guarding against this threat.
> In fact, the Board presented no evidence of correlation between obtaining mental counseling and employment dysfunction.... Thus, the Board has failed to show that Question 20(b) is necessary to the performance of its duty to license only fit bar applicants.

*Id.* at 446.

After this Court's decision in *Clark,* the Virginia Board of Bar Examiners rewrote question 20(b). The new question 20(b) which O'Brien is asked to answer, now reads:

> Within the past five years, have you been diagnosed with or have you been treated for any of the following: schizophrenia or any other psychotic disorder, delusional disorder, bipolar or manic depressive mood disorder, major depression, antisocial personality disorder, or any other condition which significantly impaired your behavior, judgment, understanding, capacity to recognize reality, or ability to function in school, work or other important life activities?

The new Question 20 also asks whether the applicant is or has been chemically dependent upon drugs or alcohol, whether the applicant has any condition which affects his ability to perform the obligations of a practicing lawyer, and, if so, whether these limitations are reduced or ameliorated because he receives ongoing treatment. The new Question 20 is introduced by a paragraph which explains that the purpose of these questions is to determine the fitness of the applicant to practice law, and that the Board does not seek information regarding "situational counseling" such as stress counseling, domestic counseling, grief counseling, and counseling for eating or sleeping disorders.

The Court finds that, by virtue of the greatly altered form of the questions related to mental health, the current question 20 is not the same as that at issue in *Clark.* The current question 20, which is at issue in this case, has been rewritten to address many of this Court's concerns raised in *Clark.* The Plaintiff, therefore, does not have a great likelihood of success on the merits of his case.

**\*4** The Court further finds that it is in the public interest to assure that candidates for admission to the practice of law in the Commonwealth of Virginia be carefully screened in order to ensure that clients receive competent representation, and, specifically, that a client is not jeopardized by unknowingly putting himself into the hands of an attorney whose mental or emotional condition impairs his "behavior, judgment, understanding, capacity to recognize reality, or ability to function" as a counsellor at law. In addition, the Court notes that the new Question 20 is carefully tailored to respect the privacy rights of the individual applicant. [FN2]

> FN2. *Cf. Hickey v. District of Columbia Court of Appeals,* 457 F.Supp. 584, 586 (D.D.C.1978) (the general rule of comity that federal courts will not interfere with state bar admissions is in the public interest).

Similarly, the release form, which allows the Board access to an applicant's medical records is tailored to allow access only to information relevant to the applicant's fitness to practice law. The release form states that the applicant allows the Board to access only medical records which relate to the applicant's "moral character, professional reputation, and/or fitness to engage in the practice of law."

Accordingly, Plaintiff's Motion for a Preliminary Injunction is DENIED.

Not Reported in F.Supp., 1998 WL 391019

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4

Not Reported in F.Supp., 1998 WL 391019 (E.D.Va.), 12 NDLR P 189

**(Cite as: 1998 WL 391019 (E.D.Va.))**

(E.D.Va.), 12 NDLR P 189

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.